HALL BROTHERS COMPANY *v.* JOHNSON.

Opinion delivered February 23, 1914.

1. EVIDENCE—ORIGINAL ENTRIES—WITNESSES TO PROVE.—In an action to foreclose a mortgage given to secure future advances, where the debt was evidenced by an open account, a book of original entries was properly excluded, where the person making the same was not offered as a witness to vertify the entries.  (Page 596.)

2. USURY—ACCOUNT—INVALIDITY.—Where interest at a higher rate than ten per cent. is charged on an account, the account is void as to the items as to which the usurious rate of interest was charged.  (Page 597.)

3. APPEAL AND ERROR—FINDINGS OF CHANCELLOR.—The findings of the chancellor will not be disturbed on appeal when not contrary to the preponderance of the testimony.  (Page 597.)

Appeal from Lee Chancery Court; *Edward D. Robertson,* Chancellor; affirmed.

STATEMENT BY THE COURT.

This was an action brought by appellant company, a corporation, to foreclose a deed of trust on a certain tract of land therein described. The complaint alleged the execution of this deed of trust for the purpose of securing five notes aggregating $980 and all advances made during the years of 1911 to 1915, inclusive. Appellant treated the indebtedness as evidenced by an open account and not by the notes, and made the statement of the account an exhibit to its complaint, and alleged that there was then due the sum of $2,016.97. It was further alleged that the land was improperly described in the deed of trust, and there was a prayer for reformation of the description and a foreclosure. As additional security, appellant held a deed of trust on four mules, and the ap-

pellee was also indebted to the appellant in the sum of $225, represented by a note retaining the title to one mule. This deed of trust appellant attempted to foreclose under the power of sale contained therein.

The appellee answered and denied the existence of the debt and the execution of the deed of trust and prayed, and was granted, a temporary restraining order against the foreclosure of the deed of trust against the personal property. By an amendment to his answer, appellee set up various credits which he alleged were omitted from appellants' account, and in addition he pleaded usury and also the "Tippler's Statute" against certain items in the account.

H. G. Hall testified that he was manager of the appellant company, and that appellee began trading with it in 1909, and did business with it during the years of 1910, 1911, and he testified that the account sued upon was correct, and that all proper credits had been given. One of the close questions in the case was the number of bales of cotton which had been delivered to appellant on account, and Mr. Hall was permitted to testify to the number of bales of cotton shown to have been ginned at appellants' gin for appellee, and he made his gin book an exhibit to his deposition, which the court was asked to consider as a book of original entries. Upon the exception of appellee to this deposition, the court excluded this book from the deposition.

The chancellor undertook to state an account between the parties, and did so, upon evidence, which was conflicting, and we will not undertake to discuss this evidence further than is necessary to do so to announce our views in regard to it, as we think the chancellor's finding is not against a clear preponderance of the evidence. The chancellor struck out a number of items which represented intoxicating liquors sold at retail, and no complaint was made of that action except that appellant says too many items were stricken off on that account. The chancellor also struck out a number of cash items because of the usurious interest charged. It appears that appel-

lants charged straight 10 per cent upon all moneys advanced during any year without reference to the time when the advances were made, and did not charge the interest at 10 per cent per annum.

The chancellor ascertained the balance due the appellant and entered a decree of foreclosure against the lands for that amount, and directed that interest be computed on the sum so found due at the rate of 6 per cent per annum, until the same was paid. A reformation of the description of the land was also decreed.

Both parties have appealed.

*Daggett & Daggett,* for appellants.

1. The gin book was admissible in evidence as óne of original entry. In taking the deposition of H. G. Hall relative to the book and its contents the rule prescribed by this court in 57 Ark. 402, was strictly followed.

The fact that the book was not kept at the gin, but that as each bale of cotton was ginned, its weight and number and the name of the owner was entered on a small tab, and each night the sheets were posted in the book, does not destroy the character of the book as one of original entry. 14 Cal. 573; 47 Conn. 431; 6 Fla. 668; 8 Ill. 134; 159 Ind. 232; 8 Mich. 476; 88 Am. Dec. 224; 13 N. E. 468; 17 Cyc. 377.

2. Where the original agreement is valid, a subsequent usurious agreement as to the interest charge will not invalidate it, but the usurious interest charges become simply an improper charge which should be stricken out. It was erroneous, therefore, in this case to strike out both the usurious interest and the items of money advanced. 57 Ark. 553; 55 Ark. 143.

*Roleson & McCulloch,* for appellee.

1. The gin book was not admissible because the entries are shown to have been made only in part by the witness, H. G. Hall, the remaining entries having been made by his brother, the correctness of whose entries there is no evidence to establish. The slips or data made at the gin were the original entries, and certainly a book

made up from such memoranda ought not to be admitted without the testimony of the person who made them, unless he was shown to be dead, or his deposition was not to be had.   57 Ark. 402-416; 64 Fed. 314; 70 N. W. 1023; 66 Fed. 522; 63 Ark. 556; 65 Ark. 316; 60 Ark. 333; 94 Ark. 183-189-90.

2.   The evidence is sufficient to show that the original transaction was usurious.   A portion of the indebtedness was the money furnished, and the contract for its repayment was a part of the original agreement. Hall says that when money was to be furnished straight 10 per cent was to be charged, regardless of the date when furnished, or the time when it was to be repaid, and that to this the mortgagor agreed.   Kirby's Dig., § § 5389-5391; 62 Ark. 376.

3.   Tippling accounts are nonrecoverable.   Kirby's Dig., § 5127.

SMITH, J., (after stating the facts).   We think the court correctly excluded the gin book as a book of original entries, because the proper foundation for its introduction as such was not laid.   It appears that the man who ran the gin entered each day, on a slip of paper, a notation showing the number of bales ginned that day, and that entries were made upon the gin book from these slips of paper; but it appears that these entries were made only in part by the witness, H. G. Hall, and that another of the Hall brothers kept this gin book.  There was no showing that the deposition of the gin man or of H. H. Hall, the brother who kept the book and made the entries, could not be secured to show that these entries were accurately made.   A similar question was presented in the case of *Chicago Mill & Lumber Co.* v. *Osceola Land Company,* 94 Ark. 189, where it was said: "Appellant contends that the master erred in rejecting and refusing to accept as correct its record of the number of the various kinds of logs removed from the land by it, and the number of feet therein, which was offered as evidence.   He committed no error in so doing.   It was not competent, because the foundation for its introduction was not suffi-

cient. It was not shown by whom the record was made or kept, and that it was made at or near the time the timber was cut, and in the regular course of business, and that the party who made it can not be produced as a witness to testify as to its accuracy. *Railway Co.* v. *Henderson,* 57 Ark. 402; 1 Greenleaf on Evidence (16 ed.), § 120a; 2 Wigmore on Evidence, § § 1521, 1523, 1525 and 1526.''

We think no error was committed in the exclusion of the cash items as usurious. Appellant does not undertake to prove the indebtedness due it by the exhibition of the notes described in the deed of trust. In fact, they were given in anticipation of future advances. There is reason to believe the notes themselves would have been found usurious. But appellant sues upon the account, and it appears from the face of the account, as well as from H. G. Hall's own admission, that interest was charged at a higher rate than 10 per cent per annum, and all of such items are of course void. Kirby's Digest, § § 5389-5391; *Garvin* v. *Lenten,* 62 Ark. 376. We think the chancellor was correct in directing that interest be computed upon the balance found due at the rate of 6 per cent per annum, and not at the rate of 10 per cent per annum, as prescribed in the notes. The deed of trust provided that it should secure all advances made during the years in which the advances were made; but it contained no provisions that interest should be charged on these advances at the rate of 10 per cent, and that rate can not therefore be charged.

Appellee says upon his cross appeal that appellant has not properly proven its account, and that judgment has been given for an excessive sum; but upon consideration of all the evidence, we think the chancellor's finding on that question is not contrary to the preponderance of the evidence.

The temporary restraining order against the foreclosure of the deed of trust describing the personal property was dissolved. The deed of trust, describing the lands, was reformed, and the clerk of the court appointed

commissioner with directions to sell the lands, if the indebtedness found due was not paid in the time limited. This order appears to have been properly made and the decree is in all things affirmed.